UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KSANDRA BRYANT,

    Plaintiff,                                CIVIL ACTION NO. 15-CV-10207

vs.                                       DISTRICT JUDGE ARTHUR J. TARNOW

                                           MAGISTRATE JUDGE MONA K. MAJZOUB

STEPHEN WILSON, INTERTEC
SYSTEMS, LLC, and TRAILWOOD
TRANSPORT LTD.

    Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR QUALIFIED PROTECTIVE ORDER AND AUTHORIZATION PURSUANT TO HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT [13] AND DEFENDANTS' MOTION TO COMPEL [21]**

Before the Court are Defendants' Motion for Qualified Protective Order and Authorization Pursuant to Health Insurance Portability and Accountability Act (HIPAA) (docket no 13) and Defendants' Motion to Compel (docket no. 21). Plaintiff has not filed a response to either Motion. The Motions were referred to the undersigned for consideration. (Docket nos. 19 and 22.) The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). The Motions are now ready for ruling.

**I.    Background**

Plaintiff Ksandra Bryant filed her Complaint in Oakland County Circuit Court on December 15, 2014, alleging that she was injured in an automobile accident when Defendant Wilson ran into her vehicle with his 2012 Freightliner on M-59 in Rochester Hills, Michigan. (Docket no. 1-2.) Plaintiff's Complaint includes a negligence claim against Defendant Wilson

1

and claims for negligence, owner's liability, vicarious liability, and negligent hiring, retention and supervision against Defendant Trailwood Transport, Ltd.[1] (*Id.*) Defendants removed the matter to this Court on January 20, 2015. (Docket no. 1.)

On February 3, 2015, Defendants' counsel contacted Plaintiff's counsel to request a stipulation with regard to a Qualified Protective Order under HIPAA regarding Defendants' inquiry into Plaintiff's medical history. (*See* docket no. 13-3.) Defendants' proposed order would require Plaintiff's health-care providers to provide copies of Plaintiff's medical records to Defendants and allow them to discuss Plaintiff's medical conditions with Defendants' attorneys. (*See* docket no. 13-4.) The order would also limit the use of Plaintiff's medical information to use in connection with this matter. (*Id.*) On February 6, 2015, Plaintiff's counsel advised Defendants that Plaintiff's firm would not authorize the release of medical records directly to Defendants' attorneys but would, instead, permit the release of records through a copying service. (Docket no. 13-5.) Defendants then filed their instant motion, to which Plaintiff has not responded. (Docket no. 13.)

While this discussion was ongoing, on February 4, 2015, Defendants sent Plaintiff their First Interrogatories and Requests for Production of Documents. (*See* docket no. 21-2.) Plaintiff did not respond. (*See* docket no. 21 at 1-2.) Defendants attempted to contact Plaintiff's counsel on April 21, 2015, regarding the discovery responses, but again, Plaintiff did not respond. (*See* docket no. 21-3.) Defendants then filed their instant Motion to Compel, to which Plaintiff has not responded. (Docket no. 21.)

**II.    Analysis**

---

[1] Plaintiff's claims against Defendant Intertec Systems, LLC, were voluntarily dismissed without prejudice. (Docket no. 16.)

2

###    A.    Defendants' Motion for Qualified Protective Order

Through their Motion, Defendants argue that to proceed properly in this matter, where Plaintiff alleges injuries to her head, neck, back, rips, and knees, including multiple fractures, Defendants "require access to all information concerning Plaintiff's medical conditions both pre- and post- accident, as well as all hospital records and other related medical care and treatment." (Docket no. 13 at 2.)   More notably, though, Defendants note that the review of such evidence is contemplated by HIPAA, supported by Michigan Law, and regularly allowed by Federal Courts, and in many of these cases, the courts have approved qualified protective orders identical (or substantially similar) to the order proposed by Defendants.  (Docket no. 13 at 3-7 (citing 45 C.F.R. §164.512; *Domako v Rowe*, 438 Mich 347 (1991); *Holman v Rasak*, 486 Mich 429; (2010); *Szpak v Inyang,* 290 Mich. App. 711 (2010); *Palazzolo v Mann, et al.*, No. 09-10043 (E.D. Mich. 2009); *Christian v Mallett*, No. 11-12316 (E.D. Mich. 2011)) (additional citations omitted).)

By failing to respond to Defendants' Motion, Plaintiff has waived any objection. Moreover, the Court agrees with Defendants that entry of a qualified protective order is appropriate and that Defendant's proposed protective order aligns with the requirements of HIPAA and applicable case law.   Therefore, the Court will grant Defendants' Motion.

###    B.    Defendants' Motion to Compel

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad.  *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998).  Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence.  Fed.R.Civ.P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of

consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. But the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party. Fed.R.Civ.P. 33, 34. A party receiving such a request has thirty days to respond with answers or objections. Fed.R.Civ.P. 33(b)(2), 34(b)(2)(A). If the party receiving discovery requests under the Rules fails to respond properly, Rule 37 provides the party who sent the discovery with the means to file a motion to compel. Fed.R.Civ.P. 37(a)(3)(B). If a court grants a Rule 37 motion to compel, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. Fed.R.Civ.P. 37(A)(5)(a).

Defendants First Interrogatories and Requests for Production of Documents were served on Plaintiff on February 4, 2015. Plaintiff has not responded. By failing to respond, Plaintiff has waived any objection. *See* Fed. R. Civ. P. 33(b)(4); *Phillips v. Dallas Carriers Corp.*, 133 F.R.D. 475, 477 (M.D.N.C. 1990) (discussing a Rule 34 waiver). Accordingly, Plaintiff will be ordered to serve complete responses to Defendants' discovery requests without objections within 30 days. Additionally, because the Court will grant Defendants' Motion and Plaintiff has failed to provide any reason for her failure to comply with the Federal Rules of Civil Procedure, the Court will award Defendants reasonable expenses an attorney's fees associated with the filing of their instant

Motion.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Qualified Protective Order and Authorization Pursuant to Health Insurance Portability and Accountability Act (HIPAA) [13] is **GRANTED**.   The Court will enter Defendants' proposed protective order as set forth at docket no. 13-4.

**IT IS FURTHER ORDERED** that Defendants' Motion to Compel [21] is **GRANTED**. Plaintiff is ordered to serve complete responses to Defendants' discovery requests without objections within 30 days.

**IT IS FURTHER ORDERED** that Plaintiff pay the reasonable expenses and attorney's fees incurred by Defendants as a result of bringing the instant motion.  Defendants are ordered to submit to the Court a **Bill** of **Costs** itemizing the same within 21 days of this Opinion and Order, at which time the Court will determine the amount of costs and fees for which Plaintiff is liable.

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated:   August 14, 2015			s/ Mona K. Majzoub
					MONA K. MAJZOUB
					UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served on counsel of record on this date.

Dated:   August 14, 2015			s/ Lisa C. Bartlett
					Case Manager