UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KSANDRA BRYANT,

    Plaintiff,                       CIVIL ACTION NO. 15-CV-10207

vs.                                 DISTRICT JUDGE ARTHUR J. TARNOW

                                   MAGISTRATE JUDGE MONA K. MAJZOUB

STEPHEN WILSON, INTERTEC
SYSTEMS, LLC, and TRAILWOOD
TRANSPORT LTD.

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Ksandra Bryant filed her Complaint in Oakland County Circuit Court on December 15, 2014, alleging that she was injured in an automobile accident when Defendant Wilson ran into her vehicle with his 2012 Freightliner on M-59 in Rochester Hills, Michigan. (Docket no. 1-2.) Plaintiff's Complaint includes a negligence claim against Defendant Wilson and claims for negligence, owner's liability, vicarious liability, and negligent hiring, retention and supervision against Defendant Trailwood Transport, Ltd.[1] (*Id.*) Defendants removed the matter to this Court on January 20, 2015. (Docket no. 1.) Before the Court is Defendants' request for Rule 37 fees related to their Motion for Qualified Protective Order and Authorization Pursuant to Health Insurance Portability and Accountability Act (HIPAA) (docket no. 13) and their Motion to Compel (docket no. 21), both of which the Court granted on August 14, 2015. (Docket no. 24.)

Pursuant to the Court's Order, Defendants submitted a Bill of Costs. (Docket no. 27.)

---

[1] Plaintiff's claims against Defendant Intertec Systems, LLC, were voluntarily dismissed without prejudice. (Docket no. 16.)

1

Plaintiff has not filed any objections. The undersigned has reviewed the pleadings, dispenses with a hearing related to the Bill of Costs pursuant to E.D. Mich. L.R. 7.1(f)(2), and issues this Report and Recommendation.

## I. Recommendation

Defendant should be awarded reasonable costs and attorneys' fees in the amount of $2,225.00, payable by Plaintiff and Plaintiff's counsel.

## II. Report

### A. Facts

On February 3, 2015, Defendants' counsel contacted Plaintiff's counsel to request a stipulation with regard to a Qualified Protective Order under HIPAA regarding Defendants' inquiry into Plaintiff's medical history. (*See* docket no. 13-3.) Defendants' proposed order would require Plaintiff's health-care providers to provide copies of Plaintiff's medical records to Defendants and allow them to discuss Plaintiff's medical conditions with Defendants' attorneys. (*See* docket no. 13-4.) The order would also limit the use of Plaintiff's medical information to use in connection with this matter. (*Id.*) On February 6, 2015, Plaintiff's counsel advised Defendants that Plaintiff's firm would not authorize the release of medical records directly to Defendants' attorneys but would, instead, permit the release of records through a copying service. (Docket no. 13-5.) Defendants then filed their instant motion, to which Plaintiff has not responded. (Docket no. 13.)

While this discussion was ongoing, on February 4, 2015, Defendants sent Plaintiff their First Interrogatories and Requests for Production of Documents. (*See* docket no. 21-2.) Plaintiff did not respond. (*See* docket no. 21 at 1-2.) Defendants attempted to contact Plaintiff's counsel

on April 21, 2015, regarding the discovery responses, but again, Plaintiff did not respond. (*See* docket no. 21-3.) Defendants then filed their instant Motion to Compel, to which Plaintiff did not respond. (Docket no. 21.)

On August 14, 2015, the Court granted Defendants' Motions, noting that by failing to respond to the discovery requests and by failing to respond to Defendants' Motions, Plaintiff had waived any arguments related thereto. (Docket no. 24 at 3-4.) The Court ordered Plaintiff to pay costs pursuant to Fed. R. Civ. P. 37 and ordered Defendants to submit a Bill of Costs within 21 days. (*Id.* at 4-5.)

Pursuant to the Court's Order, Defendants submitted its Bill of Costs, seeking $2,375.00 for 9.5 hours of work at a rate of $250.00 per hour. (Docket no. 27-1 at 3-4.) Plaintiff has not filed any objections.

### B. Attorney Fees Standard

"Civil contempt sanctions are intended 'to enforce compliance with court orders and to compensate injured parties for losses sustained.'" *Banner v. City of Flint*, 99 Fed. App'x. 29, at *41 (6th Cir. 2004) (citing *Downey v. Clauder*, 30 F.3d 681, 685 (6th Cir.1994)). Under Rule 37,

> If a motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court *must*, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. . . . [unless] (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantial justified; or (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). To calculate a reasonable attorney's fees award, courts use the "lodestar method," which requires the court to multiply a reasonable hourly rate by

the reasonable number of hours worked. *Ellison v. Balinski*, 625 F.3d 953, 960 (6th Cir. 2010). The Court "has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." *Hett*, 2011 WL 740460, at *2 (quoting *Wayne v. Vill. of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994). But "[a]ccording to the law of this circuit, [the court] is required to adjust attorney fee rates to the local market rates for attorneys." *Swans v. City of Lansing*, 65 F.Supp.2d 625, 647 (W.D.Mich. 1998) (citing *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995)). In addition, the court considers the following factors when calculating the reasonableness of attorney fees: (1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client. *Miller v. Alldata Corp.*, 14 Fed. Appx. 457, 468 (6th Cir. 2001).

> The Supreme Court has also provided guidance:
>
> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation is inadequate, the district court may reduce the award accordingly.
>
> The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." S.Rep. No. 94-1011, p. 6 (1976). Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission[.]

*Hensley v. Eckerhard*, 461 U.S. 424 (1983).

    **C.**    **Analysis**

        **1.**    **Reasonable Number of Hours**

4

When considering the number of hours reasonably expended on a matter, the Court pays attention to whether cases are overstaffed, that is, whether the hours expended were excessive, redundant, and unnecessary. To assure the reasonableness of the hours expended, attorneys are to give a court sufficient detail to evaluate the fee award. *See Trustees of the Painters Union Deposit Fund v. Interior/Exterior Specialist Co.*, 05-70110, 2011 WL 204750 at *4 (E.D.Mich. Jan. 21, 2011) (Roberts, J.) ("Attorneys who seek fees have an obligation to maintain billing time records that are sufficiently detailed to enable courts to review the reasonableness of the hours expended on the case. The documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation. If the documentation of hours is inadequate, the district court may reduce the award accordingly." (internal citations and quotations omitted)).

Defendants' counsel claims to have spent 9.5 hours working on this matter, most of which the Court finds reasonable. (Docket no. 27-1 at 3-4.) Defendants' counsel has indicated, however, that the firm spent 1.10 hours reviewing the following, each billed separately in individual six-minute increments:

- Review of correspondence from the court regarding order referring HIPAA motion to Magistrate;

- Review of the order of reference to the United State Magistrate Judge Majzoub for hearing of Defendants' HIPAA order;

- Review of the court's notice of determination of motion without oral argument as to defendants' HIPAA motion;

- Review of correspondence from the court regarding defendants' submission of their motion to compel plaintiff's answers to interrogatories and responses to

5

> requests for production of documents;
>
> - Review of correspondence from the court regarding order referring motion to magistrate;
>
> - Review of order of reference to United States Magistrate Judge defendants' motion to compel discovery responses from plaintiff;
>
> - Review of correspondence from the court regarding notice of determination of motion without oral argument;
>
> - Review of the notice of determination of motion without oral argument as to defendant's motion to compel and joint statement of unresolved issues submitted by 11 of September; and
>
> - Review of correspondence from the court regarding order granting motion for protective order and motion to compel.

(*Id.*) The undersigned is cognizant of the industry-standard practice of billing in minimum six-minute increments. Nevertheless, many of the instant incremental billings are either unreasonable or should be combined. For example, each of the correspondences from the Court to which Defendants refer are the system-generated messages to which the orders themselves are attached. Thus, when Defendants bill for "Review of correspondence from the court regarding order referring HIPAA motion to Magistrate" and "Review of the order of reference to the United State Magistrate Judge Majzoub for hearing of Defendants' HIPAA order," Defendants seek fees for six minutes each for the review of the Court's system-generated email and the review of the one-sentence order of reference attached thereto. (*See, e.g.*, docket no. 19.) And while the undersigned acknowledges that Defendants' counsel must read these orders and enter them into their case management system appropriately, a total billing of 1.10 hours for reviewing

6

approximately one total page of content [2] is unreasonable. Therefore, the undersigned recommends reducing this time to 0.5 hours, a total reduction of 0.6 hours.

### 2. Reasonable Hourly Rate

"The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock–Ladd v. Secretary of Treasury*, 227 F.3d 343, 349 (6th Cir.2000). In assessing the "reasonable hourly rate," the court should assess the "prevailing market rate in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). The prevailing market rate is "that which lawyers of comparable skill and experience can reasonably expect to command *within the venue of the court of record.*" *Addock–Ladd*, 227 F.3d at 350 (emphasis added).

Defendant's' counsel seeks an hourly rate of $250.00 per hour. Defendants' attorney, Mark Shreve, has been practicing for over 35 years and is a shareholder at his firm, Garan Lucow Miller, PC, located in Troy, Michigan. According to the State Bar of Michigan Law Practice 2014 survey, the median hourly rate for a shareholder practicing in the state of Michigan is $310.00. The median rate for an attorney practicing in Michigan with over 35 years of experience and the median rate for attorneys practicing in Oakland County are both $250.00. *See* 2014 Economics of Law Practice Attorney Income and Billing Rate Summary Report, State Bar of

---

[2] While Defendants have not clearly indicated what they mean by "correspondence," each of the five "correspondence[s]" to which Defendants refer appears to be a system-generated email sent from the Court's electronic case docketing system referencing the case name, number, and pertinent docket entry. Thus, a "review" of this "correspondence" is negligible. The two "orders of reference" to which Defendants refer are each one sentence in length. (Docket nos. 19 and 22.) The two "notice[s] of determination of motion without oral argument" to which Defendants refer are each one paragraph in length. (Docket nos. 20 and 23.)

Michigan (January 2014), *available at* http://www.michbar.org/file/pmrc/articles/0000151.pdf. Therefore, considering the average hourly rates for lawyers of comparable skill and experience in the marketplace, and considering that Plaintiff has not filed any objections, a rate of $250.00 per hour is reasonable.

### D.     Conclusion

Based on the above analysis, Defendants are entitled to recovery of fees for a total of 8.90 hours at $250.00 per hour. Therefore, the undersigned recommends awarding total fees to Defendants in the amount of $2,225.00.

### III.    Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.

Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:   October 5, 2015          s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served on counsel of record on this date.

Dated:   October 5, 2015          s/ Lisa C. Bartlett
                                  Case Manager

9